IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-02251-CMA-MJW

SHAWN D. ALLEN,

    Plaintiff,
v.

JUDITH DAWSON,
MATT,
K. WISCHMEIER, and
THE COMMUNITY CORRECTIONS BOARD, and
MARY QUINTANA, Case Manager CTCF,

    Defendants.

---

## ORDER ADOPTING AND AFFIRMING JUNE 21, 2012 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This case was referred to United States Magistrate Judge Michael J. Watanabe, pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. On June 21, 2012, the Magistrate Judge issued a Report and Recommendation concerning six pending motions. (Doc. # 62.) Specifically, the Magistrate Judge recommended that Defendants Matt Shears and Judith Dawson's Motion to Dismiss (Doc. # 17) be granted, that Defendant Jefferson County Corrections Board's Motion for Summary Judgment (Doc. # 24) be granted, that Plaintiff's Motion for Preliminary Injunction (Doc. # 38) be denied, that Defendant Wischmeier and Quintana's Motion to Dismiss (Doc. # 43) be denied, that Defendant Community Corrections Board's ("CCB") Motion to Dismiss or in the Alternative for More Definitive Statement (Doc. # 48) be denied, but also that the

Amended Complaint be dismissed against Defendant CCB, and that Plaintiff's Motion to Dismiss Any "Takings" Procedural Due Process Claim (Doc. # 60) be granted. (Doc. # 62 at 33-34.) In short, the Magistrate Judge recommended that all of Plaintiff's claims be dismissed as against all Defendants.

On July 9, 2012, Plaintiff, proceeding *pro se*, filed timely objections to the Recommendation. (Doc. # 63.) This Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, and Plaintiff's Objections to the Recommendation. Plaintiff fails to raise any new issues of law or fact warranting a result different from that reached by the Magistrate Judge in his Recommendation. With one exception, Plaintiff merely expresses general disagreement with the Magistrate Judge's Recommendation without informing this Court of any specific errors in the Recommendation.

Plaintiff's lone objection that warrants discussion is his assertion that the Magistrate Judge erred by dismissing his 42 U.S.C. § 1983 claims against halfway house employees (Defendants Shears and Dawson) because they were not acting under the color of state law. In order to recover damages under § 1983, a plaintiff must prove that the defendant violated rights secured by the Constitution or laws of the United States while acting under the color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). A private actor may be considered to be acting "under color of state law" only when "the conduct allegedly causing the deprivation of a federal

right" is "fairly attributable to the state." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).[1]

Depending on the circumstances, employees of a private halfway house may be considered state actors. *See Aladimi v. Alvis House/Cope Center*, No. 10-cv-121, 2012 WL 726852, at *5 (S.D. Ohio Mar. 6, 2012) (unpublished). However, Plaintiff, in his objections, appears to argue that employees of a private halfway house are always state actors. (Doc. # 63 at 2.) This is not true. Courts often find that employees of private halfway houses were not acting under the color of state law. *See McWhirt v. Putnam*, No. 06-4182, 2008 WL 695384, at *6 (W.D. Mo. Mar. 12, 2008) (unpublished) (finding that defendants who worked for a private halfway house were not state actors); *Phillips v. Goord*, No. 08-CV-0957, 2009 WL 909593, at *3 (W.D.N.Y. Apr. 1, 2009) (same). Plaintiff's Amended Complaint contains no allegations that would support his claim that Defendants Shears and Dawson were acting under color of state law. Thus, the Court agrees with the Magistrate Judge that, based on the allegations in Plaintiff's Amended Complaint, Defendants Shears and Dawson are not subject to liability under § 1983 because they were not acting under color of state law.[2]

---

[1] To determine whether a private party acts under color of state law, courts have applied four separate tests: (1) the nexus test; (2) the symbiotic relation test; (3) the joint action test; and (4) the public functions test. *Sigmon v. CommunityCare HMO*, Inc., 234 F.3d 1121, 1125 (10th Cir. 2000). In his Amended Complaint, Plaintiff does not specify his theory of state action. (Doc. # 16.)

[2] Even if Defendant Shears and Dawson were acting under color of state law, the claims against them would still be properly dismissed under Fed. R. Civ. P. 12(b)(6) for the reasons set forth in Defendant Shears and Dawson's Motion to Dismiss. (Doc. # 17 at 6-11.)

Based on this *de novo* review, this Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct. Therefore, Plaintiff's Objections are OVERRULED and the Court hereby ADOPTS the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, IT IS ORDERED THAT:

1. Defendants Shears and Dawson's Motion to Dismiss (Doc. # 17) is GRANTED.

2. Defendant Jefferson County Correction Board's Motion for Summary Judgment (Doc. # 24) is GRANTED and all claims against Defendant Jefferson County Correction Board be DISMISSED WITH PREJUDICE.

3. Plaintiff's Motion for Preliminary Injunction (Doc. # 38) be DENIED AS MOOT.

4. Defendants Wischmeier and Quintana's Motion to Dismiss (Doc. # 43) is GRANTED.

5. Defendant Community Corrections Board's Motion to Dismiss or in the Alternative for More Definitive Statement (Doc. # 48) be DENIED. However, it is ORDERED that the Amended Complaint be dismissed as against this Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. Plaintiff's Motion to Dismiss Any "Takings" Procedural Due Process Claim (Doc. # 60) is GRANTED.

7. Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith, and thus, such an appeal may not be taken *in forma pauperis*.

In light of the above, IT IS FURTHER ORDERED that this case is DISMISSED in its entirety.

DATED: July  12 , 2012

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge